IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:97-CR-0094-H (01) |
| | ) | No. 3:04-CV-1767-H (BH) |
| TAMMIE JEANNE WARNER, | ) | ECF |
| Movant/Defendant. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

**A.  Nature of the Case:**  This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255.

**B.  Parties**:  Movant was a prisoner incarcerated in the federal prison system at the time she filed the instant action to challenge the revocation of her supervised release in Cause No. 3:97-CR-0094-H.  The respondent is the United States of America.

**C.  Factual and Procedural History:**  On June 20, 1997, the Court entered judgment on movant's guilty plea to the single charge against her.  The Court sentenced movant to eleven months imprisonment to be followed by five years supervised release.  On July 3, 2003, the Court revoked movant's supervised release, and sentenced her to twenty-four months imprisonment.  Movant unsuccessfully appealed the revocation of her supervised release.

On August 13, 2004, the Court received the instant motion to vacate. Movant therein raises five claims related to the revocation of her supervised release: (1) ineffective assistance of counsel; (2) denial of right to confront witnesses; (3) insufficient evidence; (4) improper departure from the sentencing guidelines; and (5) improper delegation of authority to the United States Probation Office. On October 19, 2004, the government filed its response wherein it argues that Claim 3 is not cognizable on collateral review, Claims 2, 4, and 5, are procedurally barred from collateral review, and all the claims lack merit. On November 1, 2004, the Court received movant's reply to that response. On November 2, 2004, the Court received a motion for summary judgment from movant. On March 7, 2005, the Court received a change of address for movant which indicates that she has been released from the confinement caused by the revocation of her supervised release.

As an initial matter, the Court must consider whether it retains jurisdiction over this § 2255 action in light of movant's release.

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."
> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarcer-

ation (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).

When movant commenced this § 2255 action, she was incarcerated as consequence of the revocation of her supervised release. She specifically attacks the validity of the revocation of her supervised release in this action. The validity of her underlying conviction is not in question. Approximately six months after filing this action, movant was released from her incarceration. Such release renders the instant § 2255 action moot. *See United States v. Robinson*, 39 Fed. App'x 723, 724-26 (3d Cir. 2002). Although under *Spencer*, the Court presumes that an alleged wrongful conviction has continuing collateral consequences even though movant may have fully served the sentence for the conviction, there is no such presumption for an alleged wrongful revocation of supervised release. *Id.* at 725 (applying reasoning and analysis of *Spencer* in context of a revocation of supervised release); *Spencer*, 523 U.S. at 14 ("declin[ing] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation). As was the case in *Robinson*, *see* 39 Fed. App'x at 725-26, the Court sees no collateral consequences to movant resulting from the revocation of her supervised release. Consequently, the Court finds that the instant case does not meet Article III's injury-in-fact requirement, and the Court thus lacks jurisdiction over this action.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 for lack of jurisdiction because movant's release from incarceration has rendered the action moot.  It is further recommended that the District Court **DENY** movant's motion for summary judgment as moot.

**SIGNED this 23rd day of February, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4